**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-cv-61470-LEIBOWITZ**

**JUAN BRITO SAJIC**,

     *Petitioner*,

*v.*

**MARCOS CHARLES**, *et al.*,

     *Respondents.*

_____/

## ORDER IN HABEAS CASES SEEKING RELIEF PURSUANT TO 8 U.S.C. § 1226(a)

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], filed on May 15, 2026.  Petitioner is currently being detained at the Broward Transitional Center ("BTC") in Pompano Beach, Florida.  [*Id.* ¶ 6].  Before addressing the merits of the Petition, the Court must determine whether it may properly exercise jurisdiction over this action and whether Respondents are properly named as parties.

It is well-settled that a court has jurisdiction to consider a habeas corpus petition only if the court has jurisdiction over the proper respondent to the petition.  *See Campbell v. Wolf*, No. 20-cv-20768, 2020 WL 2109933, at *1 (S.D. Fla. Feb. 26, 2020) (Williams, J.) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)).  "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner."  *Id.* (cleaned up).  That is, the proper respondent is the "immediate custodian" of the prisoner with the ability to produce the prisoner's body before the habeas court.  *Id.*  "A district court acts within its respective jurisdiction within the meaning of § 2241 as long as the custodian can be reached by service of process."  *Id.* (alteration adopted) (quoting *Rasul v. Bush*, 542 U.S. 466, 478–79 (2004)).

There are several named Respondents in this case, and Petitioner alleges Respondent "John Doe Warden of BTC" is his immediate custodian. Accordingly, the Court has jurisdiction over the Petition, and the Warden of BTC is the proper Respondent.

All other Respondents are not the "immediate custodian" of Petitioner but rather supervisory officials. Therefore, they must be dismissed from the case. *See Campbell*, 2020 WL 2109933, at *1; *see also Jarrett v. U.S. Att'y Gen.*, No. 23-20790-CIV, 2024 WL 4165273, at *1 n.1 (S.D. Fla. Feb. 7, 2024) (Singhal, J.) ("In cases involving present physical confinement, the Supreme Court reaffirmed . . . that 'the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.'" (quoting *Rumsfeld*, 542 U.S. at 439)).

Turning to the merits, Petitioner seeks an individualized bond hearing, and the Court will grant Petitioner's request for a bond hearing pursuant to 8 U.S.C. § 1226(a) on an expedited basis. In many prior cases involving essentially indistinguishable facts, Respondent has advanced the position that immigrants like Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See, e.g.*, *Ocampo Fernandez v. Ripa*, No. 1:25-cv-24981-DSL, ECF No. 17 (S.D. Fla. Nov. 25, 2025); *Landaverde v. Ripa*, No. 0:25-cv-62474-DSL, ECF No. 11 (S.D. Fla. Dec. 18, 2025); *Velasquez v. Diaz, et al.*, No. 1:25-cv-25604-DSL, ECF No. 24 (S.D. Fla. Dec. 18, 2025); *Martinez v. Field Off. Dir.*, No. 1:25-cv-26026-DSL, ECF No. 7 (S.D. Fla. Jan. 14, 2026); *Moncada v. Noem, et al.*, 0:25-cv-62285-DSL, ECF No. 14 (S.D. Fla. Jan. 16, 2026). In a recent decision, the Eleventh Circuit has rejected the Government's view and held that detainees similarly situated to Petitioner are being detained pursuant to 8 U.S.C. § 1226(a) and are therefore entitled to a bond hearing. *See generally Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026).

Accordingly, upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Any removal proceedings to which Petitioner is now or may be subjected shall be **ADMINISTRATIVELY STAYED** pending the resolution of the Petition.  Respondent **SHALL NOT** transfer or remove Petitioner outside of the geographical boundaries of the Southern District of Florida during the pendency of these proceedings and until further Order of this Court.

2. Respondent shall *either* (1) provide Petitioner an individualized bond hearing, consistent with 8 U.S.C. § 1226(a), within seven (7) days of the entry of this Order, or otherwise release Petitioner; *or* (2) show cause in writing justifying Petitioner's detention and shall produce a copy of the full record of Petitioner's arrest, detention, removal proceedings, and any other documents necessary for the resolution of the Petition **no later than June 5, 2026**.  *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

   a. If Respondent chooses to provide Petitioner an individualized bond hearing, Petitioner must be afforded a meaningful opportunity to prepare for and attend the bond hearing.  No less than 72 hours prior to the time the bond hearing is set to commence, Respondent shall notify Petitioner's counsel that a bond hearing has been scheduled, which notice shall include the time, date, and location of the bond hearing and shall apprise counsel of any procedural requirements that must be satisfied in order to appear on behalf of Petitioner at the bond hearing.

   b. If Respondent elects to show cause, Respondent's brief shall set forth the factual and legal reasons why this case is distinguishable from other cases in which bond hearings have been granted.  Petitioner may, but is not required to, file a reply to Respondent's response **no later than June 9, 2026**.

3.  Respondents Marcos Charles, Juan Agudelo, Charles Wall, Todd Blanche, Todd M. Lyons are DISMISSED from this action.

**DONE AND ORDERED** in the Southern District of Florida on May 26, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record

4